PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
APR 10 2006
at 10 o'clock and 05 min. a M
SUE BEITIA, CLERK

**United States District Court**

**for the**

**DISTRICT OF HAWAII**

**Request for Modifying the Conditions or Term of Supervision with Consent of the Offender**

***(Probation Form 49, Waiver of Hearing is Attached)***

Name of Offender: PAUL KALANI GUITERAS Case Number: CR 03-00003DAE-01

Name of Sentencing Judicial Officer: David Alan Ezra
U.S. District Judge

Date of Original Sentence: 4/26/2004

Original Offense: Count 1: Unlawful User of a Controlled Substance in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2), a Class C felony

Count 2: Unlawful User of a Controlled Substance in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2), a Class C felony

Original Sentence: Fourteen (14) months imprisonment to be followed by three (3) years supervised release as to each count to be served concurrently, with the following special conditions: (1) that the defendant must participate in a substance abuse program, which must include drug testing at the discretion and direction of the Probation Office; (2) that the defendant is prohibited from possessing any illegal or dangerous weapons; (3) that the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to a search pursuant to this condition; and (4) that the defendant shall attend an accredited University on a full-time basis, if financially unable to do so, he may attend school part-time. He must attend school for the entire three (3) years of supervision, or until he obtains a degree.

Type of Supervision: Supervised Release Date Supervision Commenced: 9/3/2004

## PETITIONING THE COURT

[X] To modify the conditions of supervision as follows:

**General Condition:** That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).

**Special Condition No. 5:** That the defendant shall undergo mental health counseling at the discretion and direction of the probation officer.

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 6. | The subject failed to notify the probation officer at least ten days prior to a change in his employment status. |
| 2. Standard Condition No. 3. | On 3/30/2006, the subject failed to truthfully answer probation officer inquiries. |

The subject began his term of supervised release on 9/3/2004. On 12/23/2004, the Court was notified by way of a Probation From 12A Report on Offender Under Supervision that the subject tested positive for methamphetamine on 12/17/2004. Based upon the subject's admission to using methamphetamine and his desire to address his addiction, the Court concurred with this officer's recommendation to take no adverse action and to allow the subject to obtain a substance abuse assessment with the appropriate treatment to follow.

Following this, at the recommendation of the Big Island Substance Abuse Council (BISAC) drug treatment program, the subject entered residential drug treatment. In December 2005, the subject was successfully discharged from the BISAC program. The subject had remained in overall compliance with the conditions of supervised release until March 2006.

In this regard, on 3/30/2006 this officer telephonically contacted the subject's employer, Mr. Wylee McCrary, to inquire about the subject's job performance as a welder. Mr. McCrary reported that on 3/15/2006, the subject's employment was terminated based upon his sporadic attendance. He explained the subject was having a hard time coping with emotional issues and could not leave these problems outside of the workplace.

Later that same day, this officer telephonically contacted the subject and inquired about his employment with Mr. McCrary. The subject informed this officer that work was going well and that he was staying busy. Upon being confronted with information that Mr. McCrary reported he was fired on 3/15/2006, the subject admitted that he had been dishonest and acknowledged that he was fired. The subject explained that he is having serious relationship problems with his girlfriend and that as a result, he missed several days of work. The subject stated that he has been feeling depressed and is having a hard time coping with personal issues.

The subject was verbally reprimanded for his dishonesty. With regards to the subject's feeling depressed, the subject indicated that he would be willing to undergo mental health counseling.

Given the subject's desire to address his mental health issues, it is respectfully recommended that the Court take no action on the violations at this time and add a special condition for mental health treatment. Such a condition will enable the Probation Office to require the subject to participate in appropriate mental health treatment. Additionally, in light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The subject has a substantial history of drug abuse that includes abusing alcohol, marijuana and methamphetamine. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community.

Prob 12B
(7/93)



Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections to the modifications.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 4/5/2006

---

THE COURT ORDERS:

[X] The Modification of Conditions as Noted Above
[ ] Other

David Alan Ezra
U.S. District Judge

APR 07 2006
Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ] To extend the term of supervision for years, for a total term of years.
[X] To modify the conditions of supervision as follows:

*General Condition* — That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).

*Special Condition 5* — *That the defendant shall undergo mental health counseling at the discretion and direction of the U.S. Probation Office.*

Witness: [signature]
BRIAN HYATT
Drug Addiction Services of Hawaii Counselor

Signed: [signature]
PAUL KALANI GUITERAS
Supervised Releasee

4/5/06
Date